Pearson, J.
 

 This case falls under the second class of cases, which are discussed in
 
 Grandy
 
 v. Small, decided at this term,
 
 (ante,
 
 50.)
 
 “
 
 The principle is, if a party to an executory contract is in a condition to demand a performance, by being
 
 ready and able
 
 at the time and place, and the other party refuses to perform his part, an offer is not necessary.” The place is fixed by the contract, but the time is open. The plaintiff had a right, within a reasonable time, to require the defendant to fix upon a day when the corn was to be delivered. This was the legal effect of the notice that he was ready to deliver it at the place. The defendant, instead of fixing a day, said he should not- pay for the corn, as the plaintiff liád not complied with his contract. The legal effect of which was a refusal to fix a day. The question is, does the fact of this request and refusal, in connection with tlie fact that the plaintiff had the corn at some distance from tlie place, support the averment that he was
 
 ready and able ?
 

 As the time was open, it was useless for the plaintiff to be at the trouble and expense of transporting the corn to the place ; because after he got it there, he would not be ready
 
 *58
 
 and able to deliver it, because of the difficulty as to the time.
 

 So, it was out of his power to be literally ready and able, unless a day was fixed on. After the request, it was the duty of the defendant to fix on a day, and upon the maxim, “
 
 no one
 
 shall take advantage of his own wrong,” we are of opinion that his default, in this respect, enabled the plaintiff to support the averment of being ready and able, by proof of the fact that he had the corn at home. He was just as able, with the corn there, as if he had it at the place, for, in fact, he could not be able with it anywhere until a time was fixed. A different conclusion would put it in the power of a party to render nugatory, any contract where the time was open and it was his duty to fix the day, by his refusing to do so; which would be unreasonable. In
 
 Grandy
 
 v. Small,
 
 supra,
 
 the place was fixed by the contract, and the time was to be fixed by the plaintiff, the corn was to be delivered “ when called for.” It was not the duty of the defendant to fix the time as it was in our case. “ So, note the diversity.”
 

 Pee CueiaM, Judgment affirmed.